QUINN EMANUEL URQUHART & SULLIVAN, LLP
Joseph M. Paunovich (SBN 228222)
joepaunovich@quinnemanuel.com
Ali Moghaddas (SBN 305654)
alimoghaddas@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Attorneys for Moldex-Metric, Inc.

Lauren A. Deeb (SBN 234143)
NELSON MULLINS RILEY & SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: (424) 221-7400
Facsimile: (424) 221-7499
E-Mail: lauren.deeb@nelsonmullins.com

Laura L. Myers (MN Bar No. 387116),
*admitted pro hac vice*
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
E-Mail: lmyers@fredlaw.com
Attorneys for SwedSafe AB

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SWEDSAFE AB, a Swedish company,<br><br>    Defendant. | CASE NO. 2:18-cv-03502-JFW (AGRx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference<br>Date: November 5, 2018<br>Time: 1:15 p.m. |

Pursuant to the Court's Order Setting Scheduling Conference (Dkt. 28) and Federal Rule of Civil Procedure 26(f), Plaintiff Moldex-Metric, Inc. ("Moldex") and Defendant SwedSafe AB ("SwedSafe") submit this Joint Rule 26(f) Report. Counsel met and conferred on October 10, 2018.

## I. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Moldex alleges that the amount in controversy exceeds $75,000, exclusive of interests and costs. SwedSafe is not contesting personal jurisdiction or venue for purposes of this litigation only. Finally, no parties remain to be served at this time.

## II. STATEMENT OF THE CASE

### A. Plaintiff's Statement of its Claims

Moldex, a California corporation in Culver City, has been an industry leader in manufacturing and selling hearing protection equipment including earplugs since 1982. In that same year, Moldex began selling the very first foam earplug bearing a bright green color. Since then, Moldex has sold billions of bright green foam earplugs. But as often comes with success, Moldex's products became a target for infringement by competitors. One such competitor is Defendant SwedSafe.

In 2011, Moldex brought a trademark infringement action against SwedSafe and third-party McKeon Products, Inc. ("McKeon") in *Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case No. 11-cv-01742-CBM (AGRx) (the "2011 McKeon Case"). Moldex and SwedSafe reached a settlement in October 2011 (the "Agreement"). The Agreement contained a cease and desist, pursuant to which SwedSafe agreed to immediately cease and desist from "making, having made, using, offering for sale, selling, exporting and/or importing the [infringing] Products in the United States and Canada," and to ensure its customers also did not distribute and sell the infringing products within the U.S. *See* D.I. 7, Ex. 2 at §§ 2.1, 2.2. Shortly thereafter, Moldex dismissed its case against SwedSafe. Contrary to SwedSafe's position statement below, the Agreement was negotiated and included a

provision stating that both parties were "fully advised and represented by legal counsel during the negotiation, drafting, and executing of this [Settlement] Agreement . . .." *Id*. at § 3.14.  Moldex's understanding is that SwedSafe is owned by UVEX, a large and sophisticated multinational company.

SwedSafe admits that it has breached the Agreement by selling earplugs to McKeon in a Pantone color identified as part of Moldex's mark.  In an effort to resolve this case amicably, Moldex requested discovery relating to SwedSafe's sales to McKeon in breach of the Agreement that are directly relevant to the claims in this case, *see infra* **Section VIII**, its fees and costs, and a permanent injunction against "making, having made, using, offering for sale, selling, exporting and/or importing in the United States and Canada" earplugs in *any* color that is confusingly similar to Moldex's mark.  SwedSafe initially refused to pay *anything* for its breach despite Moldex's monetary demand for redressing the admitted infringement, including more than $100,000 in fees and costs for Moldex merely to effectuate service (since SwedSafe would not otherwise waive service of process).  Contrary to Swedsafe's representations, the Ninth Circuit in no uncertain terms rejected others' challenges to the validity of Moldex's mark (including its scope which Swedsafe has mischaracterized) and the case against McKeon will proceed in due course to trial.  Accordingly, Moldex is left with no choice but to continue prosecuting its case against Swedsafe.

**B.     Defendant's Statement of its Defenses**

SwedSafe is a small Swedish company that manufactures earplugs that it primarily sells in Europe.  In 2011, unfamiliar with the U.S. legal system or trademark law, SwedSafe quickly entered into the Agreement with Moldex to end its involvement in the 2011 McKeon Case.  The Agreement was drafted by Moldex and SwedSafe was not represented by counsel in the parties' discussions, despite the provision in the Agreement that says otherwise.  The parties also agreed to an Addendum, under which the Agreement is null and void if a Court finds that

Moldex's claimed trade dress is invalid or unenforceable and that decision is upheld on appeal. In the 2011 McKeon Case, this Court has granted summary judgment twice against Moldex, agreeing with McKeon that Moldex's claimed trade dress is functional. The Ninth Circuit reversed, but the validity of Moldex's alleged trade dress is once again being considered on summary judgment.

Since entering into the Agreement, SwedSafe changed its earplugs to a Pantone color that was not identified as part of Moldex's claimed dress in the Agreement. Unfortunately, due to SwedSafe's misunderstanding of the decisions in the 2011 McKeon Case and administrative errors, SwedSafe shipped some earplugs in an identified Pantone color to the U.S. During the parties' recent settlement negotiations, as requested by Moldex, SwedSafe identified its sales to McKeon in a prohibited Pantone color, and asked Moldex to make a monetary demand related thereto. Moldex refused to do so. Previously, however, Moldex indicated it wanted SwedSafe to pay over $100,000 in attorneys fees that were allegedly incurred in this case in which Moldex has only filed a complaint and served three document requests and a deposition notice. More importantly, the Agreement does not provide for the recovery of attorneys' fees in this breach of contract action. In addition, contrary to Moldex's implication, SwedSafe was in no way obligated to waive the required service requirements under the Hague Convention. SwedSafe also agreed to enter into a consent injunction as part of a settlement that would prohibit it from selling earplugs in the U.S. in the identified Pantone colors, unless and until a final, non-appealable decision invalidates Moldex's alleged trade dress. Finally, SwedSafe agreed to provide documents Moldex is seeking relating to another lawsuit it recently filed against McKeon (*Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case No. 18-cv-06953-DSF (GJSx) (the "2018 McKeon Case")) even though the majority of the requested documents are irrelevant to this case.

### III. DISPUTED POINTS OF LAW

The parties dispute the legal impact of the Addendum to the parties' Agreement. Moldex contends, consistent with the express terms of the Addendum, that the underlying Agreement shall become null and void only if and from the date that its bright green trademark becomes invalid or unenforceable and that decision is upheld on appeal—otherwise SwedSafe could continue breaching the Agreement as it has been indefinitely, all while arguing that the trademark may *eventually* be invalidated. SwedSafe contends that a decision invalidating Moldex's mark renders the Agreement null and void from its inception because Moldex will not and will never have had protectable trade dress.

### IV. PRIOR, PENDING AND ANTICIPATED MOTIONS[1]

#### A. Plaintiff's Position

There are no prior or pending motions. Moldex anticipates filing a motion to compel production of certain discovery related to SwedSafe's sale of earplugs to McKeon in violation of the parties' Agreement. In addition, should SwedSafe file a motion to stay this case pending resolution of the 2011 McKeon Case, Moldex will oppose. There is no basis for a stay of this case based on the remote possibility that Moldex's trademark *may* be found invalid in another case against another party at some point in the future and the Ninth Circuit's reversals strongly indicate that it most certainly will not. In any event, Moldex's claim against SwedSafe for breaching their contract must be resolved independent of a potential future ruling against Moldex's mark since the Agreement only becomes null and void prospectively after a final and non-reviewable judgment.

A final and non-reviewable judgment in the 2011 McKeon Case may still be years away. SwedSafe should not be allowed to continue to intentionally breach the

---

[1] The parties' disclosure of dispositive or partially dispositive motions are discussed in **Section XV** *infra*.

Agreement and cause harm to Moldex. The parties expressly acknowledged the 2011 McKeon Case in the Addendum to their Agreement and nevertheless did not suspend or otherwise stay their obligations under the Agreement because of it. Doing so now would deprive Moldex of the benefit of its bargain and provide SwedSafe with a windfall and free pass to infringe and breach the Agreement.

### B. Defendant's Position

SwedSafe intends to oppose any motion made by Moldex that seeks discovery that is unrelated to the breach of contract claim at issue in this case. SwedSafe will stipulate to its sales of earplugs in a Pantone color identified as part of Moldex's claimed trade dress, and therefore believes this case should be able to be resolved quickly without the need for further litigation. If this case does not settle in the near term, SwedSafe anticipates making a motion to stay this litigation until the 2011 McKeon Case is resolved. Under the terms of the Addendum, the Agreement is null and void if a final, non-appealable decision is entered that Moldex's claimed trade dress is invalid or unenforceable. That case is far closer to trial than this one and is potentially dispositive of the breach of contract claim in this case.

## V. AMENDMENT OF PLEADINGS AND JOINDER OF NEW PARTIES

At this time, the parties do not anticipate amending the pleadings or joining new parties; however, the parties' proposed deadline(s) for such activity is set forth in **Exhibit A**.

## VI. INITIAL DISCLOSURES

The parties agree to exchange Initial Disclosures on the date set forth in **Exhibit A** and to supplement their discovery as required by Fed. R. Civ. P. 26(e).

## VII. CASE MANAGEMENT SCHEDULE

### A. Discovery Propounded to Date and Scope

#### 1. Plaintiff's Position

Moldex served its First Set of Requests for Production and a Rule 30(b)(6) Deposition Notice, respectively, on SwedSafe. Moldex has sought and will seek

discovery of the following facts: (1) Evidence of SwedSafe's intentional breach of the parties' Agreement; (2) Evidence of SwedSafe's sales of the infringing product to U.S. companies after execution of the parties' Agreement; (3) Evidence relating to Moldex's damages; (4) Evidence related to Moldex's request for injunctive relief; (5) Evidence relating to SwedSafe's defenses and counterclaims; (6) Discovery of the opinions of any expert to be relied upon by SwedSafe; and (7) Any of the subjects identified by SwedSafe and any additional discovery that may become necessary as the parties' facts and arguments are developed.  Notwithstanding SwedSafe's position below, the foregoing discovery is unquestionably relevant to the issues presented in this case.  *See* Fed. R. Evid. 401.

### 2. Defendant's Position

SwedSafe will stipulate to selling earplugs in the U.S. in a Pantone color identified in the Agreement as part of Moldex's claimed trade dress.  Therefore, the only remaining issue in this case is the amount of compensatory damages Moldex can recover, if any, if the Agreement is valid and enforceable.  SwedSafe will provide discovery and seek discovery relevant to Moldex's breach of contract claim and SwedSafe's defenses thereto, including (1) documents evidencing SwedSafe's sales of earplugs in the U.S.; (2) discussions between Moldex and SwedSafe before entering into the Agreement; and (3) documents evidencing the status of the 2011 McKeon Case.  SwedSafe also anticipates taking third-party discovery regarding inventory and actual sales of earplugs SwedSafe in the U.S.

Moldex, however, is currently seeking discovery that is overbroad and irrelevant to its breach of contract claim and compensatory contract damages, including all documents and communications between SwedSafe and McKeon regardless of subject matter and all documents and communications relating to bright green earplugs sold by SwedSafe regardless of the location of such sales or the Pantone color of the earplugs.

**B.     Discovery Limitations**

Document Requests:

    **i.     Plaintiff's Position**

Moldex proposes document requests per the Federal Rules.

    **ii.    Defendant's Position**

SwedSafe proposes a limit of 50 document requests.

Requests for Admission:

    **i.     Plaintiff's Position**

Moldex proposes requests for admission per the Federal Rules.

    **ii.    Defendant's Position**

SwedSafe proposes a limit of 35 requests for admission, not including those for the purpose of authentication only. Both parties agree an unlimited number of requests for admission per side may be served to establish the authenticity of documents or the business record exception to the hearsay rule under Fed. R. Evid. 803(6), provided that parties may object to requests as creating an undue burden.

Interrogatories: Pursuant to Rule 33(a), the parties may each serve a maximum of 25 interrogatories.

Depositions: The parties shall be permitted to each take a combined 50 total hours of non-expert oral deposition testimony (i.e., party fact depositions and third parties, including depositions of witnesses deposed under Rule 30(b)(6)).

**C.     Discovery Plan**

The parties agree upon the discovery schedule set forth in **Exhibit A**.

**VIII. RELATED CASES**

On April 25, 2018, Moldex filed a Notice of Related Case identifying the 2011 McKeon Case before Judge Marshall. Dkt. 5. Separately, on August 14, 2018, Moldex filed a Notice of Related Case in the 2018 McKeon Case, identifying the present action as related thereto. On August 20, 2018, Your Honor declined the transfer related to the second filing citing "Different parties; different claims; no

substantial duplication of labor if heard by a different Judge." *See* Case No. 18-cv-06953-DSF (GJSx) at Dkt. 12.

SwedSafe contends that the 2011 McKeon Case, is related to this case and this case should be transferred accordingly. Under the terms of the Addendum, if a final decision that Moldex's claimed trade dress is invalid or unenforceable is entered in the 2011 McKeon Case, and upheld on appeal, the Agreement between Moldex and SwedSafe is null and void. For this reason, SwedSafe intends to seek a stay of this case until the 2011 McKeon Case is resolved. Moldex disagrees with SwedSafe's position for the reasons articulated in **Section IV.a** *supra*.

## IX. RELIEF SOUGHT

### A. Plaintiff's Position

Moldex is seeking damages caused by SwedSafe's breach of the Agreement, including but not limited to at least lost profits, and other available damages to be proven at trial. Moldex is also seeking injunctive relief, namely to enjoin SwedSafe's continued breach of the Agreement through manufacture, distribution and/or sale of the bright green earplugs in the United States. Last, Moldex seeks prejudgment interest, post-judgment interest, attorneys' fees and costs and any further and additional relief as the Court may deem just and proper.

### B. Defendant's Position

The only claim in this case is for breach of contract. Therefore, SwedSafe's damages are limited to compensatory contract damages if the Agreement is valid and enforceable.

## X. CERTIFICATION OF INTEREST

### A. Plaintiff's Position

Moldex filed its Notice of Interested Parties concurrent with its complaint on April 25, 2018. *See* Dkt. 4. Pursuant to the Court's Order Setting Scheduling Conference, *see* Dkt. 28, Moldex restates the contents of its Notice below:

Pursuant to Central District of California Local Rule 7.1-1, the undersigned counsel of record for plaintiff MOLDEX-METRIC, INC., certifies that no others have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

### B. Defendant's Position

SwedSafe filed its Notice of Interested parties concurrent with its Answer to the Complaint on September 28, 2018. *See* Dkt. No. 27. Pursuant to the Court's Order Setting Scheduling Conference, *see* Dkt. No. 28, SwedSafe restates the contents of its Notice below:

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7.1-1, the undersigned, counsel of record for Defendant SwedSafe AB ("SwedSafe"), states as follows: SwedSafe is owned by Uvex Arbeitsschutz GmbH (80%) and two individuals (20%); and no publicly held corporation owns 10% or more of SwedSafe's stock.

### XI. COMPLETION OF DISCOVERY, SUMMARY JUDGMENT, PRE-TRIAL AND TRIAL SCHEDULING

The parties agree on the dates for completion of discovery, hearing of motions, final pretrial conference and trial as set forth **Exhibit A**.

### XII. JURY DEMAND AND LENGTH OF TRIAL

Both parties have requested that this case be tried by a jury. *See* Dkt. 1. The parties currently anticipate that trial will take no more than three (3) court days.

### XIII. SETTLEMENT AND ADR SELECTION

The parties engaged in preliminary settlement discussions, but have not reached an agreement. SwedSafe believes that this case is one that can be resolved quickly and requests that the Court schedule an early settlement conference as described in ADR Procedure No. 1. If the Court is not inclined to do so, SwedSafe is willing to participate in private mediation in accordance with ADR Procedure No. 3, which is Moldex's preferred ADR method. The parties have agreed on a Mediation Deadline as set forth in **Exhibit A**.

## XIV. COMPLEX CASE

The parties agree that this is not a complex case.

## XV. DISPOSITIVE MOTIONS

The parties both anticipate bringing motions for summary judgment.

## XVI. UNUSUAL LEGAL ISSUES

The parties agree that this case does not present any unusual legal issues.

## XVII. SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF

### A. Plaintiff's Position

Moldex does not currently anticipate severing, bifurcating, or otherwise reordering its case at this time.

### B. Defendant's Position

Because SwedSafe will stipulate to its sales of earplugs in Pantone colors identified as part of Moldex's claimed trade dress, the focus of discovery, experts, and trial in this case should be on the amount of compensatory contract damages Moldex can recover, if any.

## XVIII. LEAD TRIAL COUNSEL

Joseph M. Paunovich, lead trial counsel for Moldex, and Laura L. Myers, lead trial counsel for SwedSafe, confirm that they are registered as "ECF Users" and have the following "E-Mail Addresses of Record": joepaunovich@quinnemanuel.com and lmyers@fredlaw.com, respectively.

### A. Electronic Service

The parties consent to electronic service under Federal Rule 5(b)(2)(E).

DATED: October 26, 2018				Respectfully Submitted,


							By /s/ Joseph M. Paunovich
								QUINN EMANUEL URQUHART &
								SULLIVAN, LLP
								Joseph M. Paunovich (SBN 228222)
								joepaunovich@quinnemanuel.com
								Ali Moghaddas (SBN 305654)
								alimoghaddas@quinnemanuel.com
								865 S. Figueroa St., 10th Floor
								Los Angeles, CA 90017
								Telephone: (213) 443-3000
								Facsimile: (213) 443-3100

								Attorneys for Moldex-Metric, Inc.


Dated: October 26, 2018


								 /s/ Laura L. Myers


								Lauren A. Deeb (SBN 234143)
								NELSON MULLINS RILEY &
								SCARBOROUGH LLP
								19191 South Vermont Avenue, Suite 900
								Torrance, CA 90502
								Telephone: (424) 221-7400
								Facsimile: (424) 221-7499
								E-Mail: lauren.deeb@nelsonmullins.com

								Laura L. Myers (MN Bar No. 387116),
								*admitted pro hac vice*
								FREDRIKSON & BYRON, P.A.
								200 South Sixth Street, Suite 4000
								Minneapolis, MN 55402-1425
								Telephone: (612) 492-7000
								Facsimile: (612) 492-7077
								E-Mail: lmyers@fredlaw.com

								Attorneys for SwedSafe AB

# FILER'S ATTESTATION

I, Joseph M. Paunovich, am the ECF user whose ID and password were used to file this Joint Rule 26(f) Report. Pursuant to L.R. 5-4.3.4.(a)(2), I hereby attest that counsel for Defendant concurred in the filing of this document.

By */s/* Joseph M. Paunovich

# Exhibit A

*Moldex-Metric, Inc. v. SwedSafe* AB, No. 18-cv-03502-JFW (AGRx)

| EVENT | PARTIES' STIPULATED PROPOSED DATES |
|---|---|
| Fact Discovery Begins | October 10, 2018 |
| Joint 26(f) Report due | October 26, 2018 (Dkt. 28) |
| Exchange of Initial Disclosures pursuant to Rule 26(a) | November 2, 2018 |
| Case Management Conference | November 5, 2018, 1:15 p.m. (Dkt. 28) |
| Interim Status Report and Deadline for Amendment of Pleadings and Joinder of New Parties | January 28, 2019 |
| Completion of Document Production | February 4, 2019 |
| Mediation Deadline | February 18, 2019 |
| Post-Mediation Status Conference | February 28, 2019 |
| Fact Discovery Complete[1] | April 1, 2019 |
| Opening Expert Reports (reports for issues on which a party bears the burden of proof) | April 29, 2019 |
| Rebuttal Expert Reports (reports for issues on which a party does not bear the burden of proof) | May 20, 2019 |
| Expert Discovery Complete | June 17, 2019 |
| Summary Judgment and *Daubert* Motions Due | July 15, 2019 |
| Oppositions to Summary Judgment and *Daubert* Motions Due | August 5, 2019 |

---

[1] The parties reserve the right to seek an extension of this deadline to complete all outstanding discovery, including to accommodate any required third-party discovery.

2

| EVENT | PARTIES' STIPULATED PROPOSED DATES |
|---|---|
| Replies to Summary Judgment and *Daubert* Motions Due | August 19, 2019 |
| Hearing on Summary Judgment and *Daubert* Motions | September 9, 2019 |
| File Memo of Contentions of Fact and Law (LR 16-4), Exhibit and Witness Lists (LR 16-5,6) and Motions *in Limine* Due | September 30, 2019 |
| Lodge Pretrial Conference Order (LR 16-7), File Proposed Jury Instructions and Verdict Forms and Oppositions to Motions *in Limine* Due | October 7, 2019 |
| Final Pretrial Conference and Hearing on Motions *in Limine* | October 21, 2019 |
| Jury Trial | November 18, 2019 |