**COURTESY**

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>SWEDSAFE AB, a Swedish company,<br><br>       Defendant. | CASE NO. 18-cv-3502-JFW-AGR<br><br>[~~PROPOSED~~] **STIPULATED<br>PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT |

1. **PURPOSES AND LIMITATIONS**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter "Order" or "Stipulated Protective Order") to govern the discovery, use, and handling of Protected Material, as defined in Section 2, produced by parties and non-parties in the above-captioned case. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file Protected Material under seal; Civil Local Rule 79 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

1  among other things, testimony, transcripts, and tangible things), that are produced or

2  generated in disclosures or responses to discovery in this matter.

3      2.6  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

4  Information or Items: extremely sensitive "Confidential Information or Items,"

5  public disclosure of which would create a substantial risk of serious harm that could

6  not be avoided by less restrictive means.

7      2.7  In-House Counsel: attorneys who are employees of a party to this

8  action. In-House Counsel does not include Outside Counsel of Record or any other

9  outside counsel.

10      2.8  Non-Party: any natural person, partnership, corporation, association, or

11  other legal entity not named as a Party to this action.

12      2.9  Outside Counsel of Record: attorneys who are not employees of a party

13  but are retained to represent or advise a party and have appeared on behalf of that

14  party or are affiliated with a law firm which has appeared on behalf of that party.

15      2.10  Party: any party to this action, including all of its officers, directors,

16  employees, consultants, retained experts, and Outside Counsel of Record (and their

17  support staffs).

18      2.11  Producing Party: a Party or Non-Party that produces Disclosure or

19  Discovery Material in this action.

20      2.12  Professional Vendors: persons or entities that provide litigation support

21  services (e.g., photocopying, videotaping, translating, preparing exhibits or

22  demonstrations, and organizing, storing, or retrieving data in any form or medium)

23  and their employees and subcontractors.

24      2.13  Protected Material: any Disclosure or Discovery Material that is

25  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL —

26  ATTORNEYS' EYES ONLY."

27      2.14  Receiving Party: a Party that receives Disclosure or Discovery Material

28  from a Producing Party.

## 3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.  DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

1 qualifies under the appropriate standards.  To the extent it is practical to do so, the

2 Designating Party will attempt to designate for protection only those parts of

3 material, documents, items, or oral or written communications that qualify — so that

4 other portions of the material, documents, items, or communications for which

5 protection is not warranted are not swept unjustifiably within the ambit of this

6 Order.  Mass, indiscriminate, or routinized designations are prohibited.   Nothing in

7 this Order prevents the Receiving Party from challenging the scope of the

8 Designating Party's designations and seeking all available relief related thereto.

9        If it comes to a Designating Party's attention that information or items that it

10 designated for protection do not qualify for protection at all or do not qualify for the

11 level of protection initially asserted, that Designating Party must promptly notify all

12 other parties that it is withdrawing the mistaken designation.

13        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

14 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

15 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

16 under this Order must be clearly so designated before the material is disclosed or

17 produced by the Designating Party.

18        Designation in conformity with this Order requires:

19             (a)    for information in documentary form (e.g., paper or electronic

20     documents, but excluding transcripts of depositions or other pretrial or trial

21     proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

22     "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to every page of

23     any document that contains protected material.

24        A Party or Non-Party that makes original documents or materials available for

25 inspection need not designate them for protection until after the inspecting Party has

26 indicated which material it would like copied and produced. During the inspection

27 and before the designation, all of the material made available for inspection shall be

28 deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the

-4-

1    inspecting Party has identified the documents it wants copied and produced, the
2    Producing Party must determine which documents, or portions thereof, qualify for
3    protection under this Order. Then, before producing the specified documents, the
4    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
5    "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY to every page of any
6    document that contains Protected Material.

7              (b)    for testimony given in deposition ~~or in other pretrial or trial~~
8    ~~proceedings~~ that the Designating Party identify on the record, before the close of
9    the deposition, ~~hearing, or other proceeding~~ all protected testimony and specify
10   the level of protection being asserted. When it is impractical to identify separately
11   each portion of testimony that is entitled to protection and it appears that
12   substantial portions of the testimony may qualify for protection, the Designating
13   Party may invoke on the record (before the deposition, ~~hearing, or other~~
14   ~~proceeding~~ is concluded) a right to have up to 21 days from receipt of a final
15   transcript to identify the specific portions of the testimony as to which protection
16   is sought and to specify the level of protection being asserted. For the avoidance
17   of doubt, the final transcript refers to the original copy provided to the deponent
18   for review and signature and does not include the time given to the deponent to
19   review for errors, etc. During this 21 day period, the transcript will be treated as if
20   it has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21   ONLY" in its entirety unless otherwise agreed.  After the 21 day period has
22   expired, only those portions of the testimony that are appropriately designated for
23   protection within the 21 days shall be covered by the provisions of this Stipulated
24   Protective Order. Alternatively, a Designating Party may specify, at the
25   deposition or up to 21 days afterwards if that period is properly invoked, that the
26   entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
27   CONFIDENTIAL — ATTORNEYS' EYES ONLY."

28

AGR

1    Parties shall give the other parties notice if they reasonably expect a

*AGR*

2    deposition, ~~hearing or other proceeding~~ to include Protected Material so that the

3    other parties can ensure that only authorized individuals are present at those

4    proceedings. The use of a document as an exhibit at a deposition shall not in any

5    way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

6    —ATTORNEYS' EYES ONLY."

7    Transcripts containing Protected Material shall have an obvious legend on the

8    title page that the transcript contains Protected Material, and the title page shall be

9    followed by a list of all pages (including line numbers as appropriate) that have been

10   designated as Protected Material and the level of protection being asserted by the

11   Designating Party. The Designating Party shall inform the court reporter of these

12   requirements.

13   (c)    for information produced in some form other than

14   documentary and for any other tangible items, that the Producing Party affix in a

15   prominent place on the exterior of the container or containers in which the

16   information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL — ATTORNEYS' EYES ONLY."

18   5.3    Inadvertent Failures to Designate. If timely corrected after realization

19   that an error has been made, an inadvertent failure to designate qualified information

20   or items does not, standing alone, waive the Designating Party's right to secure

21   protection under this Order for such material. Upon timely correction of a

22   designation, the Receiving Party must make reasonable efforts to assure that the

23   material is treated in accordance with the provisions of this Order.

24   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25   6.1    Timing of Challenges. Any Party or Non-Party may challenge a

*consistent with the scheduling order.*

*AGR*

26   designation of confidentiality at any time. A Party does not waive its right to

27   challenge a confidentiality designation by electing not to mount a challenge

28   promptly after the original designation is disclosed.

Case No. 18-cv-3502-JFW-AGR

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    6.2    Meet and Confer. The Challenging Party shall initiate the dispute
2 resolution process by providing written notice of each designation it is challenging
3 and describing the basis for each challenge. To avoid ambiguity as to whether a
4 challenge has been made, the written notice must recite that the challenge to
5 confidentiality is being made in accordance with this specific paragraph of the
6 Protective Order. The parties shall attempt to resolve each challenge in good faith in
7 accordance with Civil Local Rule 37. In conferring, the Challenging Party must
8 explain the basis for its belief that the confidentiality designation was not proper and
9 must give the Designating Party an opportunity to review the designated material, to
10 reconsider the circumstances, and, if no change in designation is offered, to explain
11 the basis for the chosen designation.

12    6.3    Judicial Intervention. If the Parties cannot resolve a challenge without
13 court intervention, the Challenging Party shall file and serve a Joint Stipulation
14 regarding the disputed confidentiality in accordance with Civil Local Rule 37.

15    The burden of persuasion in any such challenge proceeding shall be on the
16 Designating Party. Frivolous challenges and those made for an improper purpose
17 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
18 expose the Challenging Party to sanctions. All parties shall continue to afford the
19 material in question the level of protection to which it is entitled under the
20 Producing Party's designation until the court rules on the challenge.

21 **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

22    7.1    Basic Principles. A Receiving Party may disclose Protected Material
23 only to the categories of persons and under the conditions described in this Order.
24 When the litigation has been terminated, a Receiving Party must comply with the
25 provisions of section 15 below (FINAL DISPOSITION).  Protected Material must
26 be stored and maintained by a Receiving Party at a location and in a secure manner
27 that ensures that access is limited to the persons authorized under this Order.

28

1   All Protected Material, along with the information contained in the Protected

2   Material, shall be used solely for purposes of this action, and no person receiving

3   such Protected Material shall, directly or indirectly, transfer, disclose, or

4   communicate in any way the contents of the documents to any person other than

5   those specified in Paragraphs 7.2 and 7.3; provided however, Protected Material that

6   explicitly identifies McKeon Products, Inc. as the author, sender, or recipient, and

7   testimony regarding such Protected Material, may be used in Moldex's actions

8   against McKeon Products, Inc. (*Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case

9   No. 18-6953-DSF and *Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case No.

10  CV11-01742-CBM) provided that its confidentiality is maintained in those actions

11  under the same or substantially similar "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL — ATTORNEYS' EYES ONLY" designations (as the case may

13  be).

14      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless

15  otherwise ordered by the court or permitted in writing by the Designating Party, a

16  Receiving Party may disclose any information or item designated

17  "CONFIDENTIAL" only to:

18          (a)   the Receiving Party's Outside Counsel of Record, as well as

19  employees of said Outside Counsel of Record;

20          (b)   one designated employee of the Receiving Party who is

21  actively involved in assisting with the prosecution or defense of this litigation;

22          (c)   In-House counsel for the Receiving Party who are actively

23  engaged in assisting with the prosecution or defense of this litigation;

24          (d)   SwedSafe's outside Swedish counsel, Maria Frodin and Lars

25  Thyresson of Hansson Thyresson AB, who are actively engaged in assisting with

26  the prosecution or defense of this litigation, as well as employees of said Swedish

27  counsel;

28

1       (e)    independent outside experts or consultants who are not regular

2 employees of a Party but are retained on behalf of any of the Parties by their

3 Outside Counsel of Record to assist in this litigation (once the requirements of

4 Paragraph 8 are satisfied);

5       (f)    the court and its personnel;

6       (g)    court reporters and their staff, professional jury or trial

7 consultants, and Professional Vendors;

8       (h)    the Designating Party's party witnesses; and

9       (i)    persons shown on the face of the document to have authored

10 or received it.

11   7.3   Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

12 ONLY". Unless otherwise ordered by the court or permitted in writing by the

13 Designating Party, a Receiving Party may disclose any information or item

14 designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

15       (a)    the Receiving Party's Outside Counsel of Record, as well as

16 employees of said Outside Counsel of Record;

17       (b) one (1) designated in-house counsel for Moldex who signs the

18 "Acknowledgement and Agreement to be Bound" in the form attached as Exhibit

19 A, but only with respect to SwedSafe's production of documents in response to

20 Moldex's First Set of Requests for Production of Documents and Things to

21 SwedSafe AB that were served on October 10, 2018;[1]

22       (c) SwedSafe's outside Swedish counsel identified in Paragraph

23 7.2(d), as well as employees of said Swedish counsel;

---

[1]  The parties agree to meet and confer in good faith prior to each subsequent production by either party on whether Moldex's designated in-house counsel or one employee of SwedSafe may have access to the Designating Party's HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information; provided however such materials are not proprietary trade secret information.

1    (d) independent outside experts or consultants who are not regular

2    employees of a Party but are retained on behalf of any of the Parties by their

3    Outside Counsel of Record to assist in this litigation (once the requirements of

4    Paragraph 8 are satisfied);

5    (e) the court and its personnel;

6    (f) court reporters and their staff, professional jury or trial

7    consultants, and Professional Vendors;

8    (g) the Designating Party's party witnesses; and

9    (h) persons shown on the face of the document to have authored or

10   received it.

11   **8.    INDEPENDENT OUTSIDE EXPERTS OR CONSULTANTS**

12   Each person appropriately designated pursuant to Paragraphs 7.2(d) or 7.3(b)

13   to receive information or items designated in this action as "CONFIDENTIAL" or

14   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (1) must not be a

15   past or current employee of a Party or of a Party's competitor; (2) at the time of

16   retention must not be anticipated to become an employee of a Party or of a Party's

17   competitor; and (3) must execute the "Acknowledgement and Agreement to be

18   Bound" in the form attached as Exhibit A. Further, in the case of a testifying

19   outside independent expert or consultant, the Designating Party shall be notified at

20   least seven (7) business days prior to disclosure to any such person of the

21   Designating Party's Protected Material. Such notice shall provide a reasonable

22   description of the outside independent person to whom disclosure is sought

23   sufficient to permit objection to be made. The burden is then on the Designating

24   Party to promptly object in writing to such disclosure and within seven (7) business

25   days after receipt of notice, to apply for appropriate relief from the Court. No

26   disclosure shall be made until the latter of the following events: (1) the Designating

27   Party fails to object and seek appropriate relief within seven (7) business days after

28   receipt of notice; or (2) if the Designating Party objects and seeks appropriate relief

1  in the time allotted, the Court enters an Order that permits disclosure to the outside

2  independent person to whom disclosure is sought.

3  **9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED**

4  **      PRODUCED IN OTHER LITIGATION**

5      If a Party is served with a subpoena or a court order issued in other litigation

6  that compels public disclosure of any information or items designated in this action

7  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

8  ONLY" that Party must:

9      (a)   promptly notify in writing the Designating Party, and in any

10  event no later than ten (10) days before complying with any subpoena or order.

11  Such notification shall include a copy of the subpoena or court order;

12      (b)   promptly notify in writing the party who caused the subpoena

13  or order to issue in the other litigation that some or all of the material covered by

14  the subpoena or order is subject to this Protective Order. Such notification shall

15  include a copy of this Stipulated Protective Order; and

16      (c)   cooperate with respect to all reasonable procedures sought to

17  be pursued by the Designating Party whose Protected Material may be affected.[2]

18      If the Designating Party timely seeks a protective order, the Party served with

19  the subpoena or court order shall not produce any information designated in this

20  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

21  EYES ONLY" before a determination by the court from which the subpoena or

22  order issued, unless the Party has obtained the Designating Party's permission. The

23  Designating Party shall bear the burden and expense of seeking protection in that

24  court of its confidential material — and nothing in these provisions should be

25  _____

26  [2]   The purpose of imposing these duties is to alert the interested parties to the
    existence of this Protective Order and to afford the Designating Party in this case an
27  opportunity to try to protect its confidentiality interests in the court from which the
28  subpoena or order issued.

                        [PROPOSED] STIPULATED PROTECTIVE ORDER

1   construed as authorizing or encouraging a Receiving Party in this action to disobey a
2   lawful directive from another court.

3      If the Designating Party takes no effective action to preclude the
4   enforceability of the subpoena or order, then the Receiving Party may comply with
5   the subpoena or order.

6   **10.**   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
7        **PRODUCED IN THIS LITIGATION**

8      (a)   The terms of this Order are applicable to information produced
9   by a Non-Party in this action and designated as "CONFIDENT " or "HIGHLY
10   CONFIDENTIAL — ATTORNEYS' EYES ONLY." Such information
11   produced by Non-Parties in connection with this litigation is protected by the
12   remedies and relief provided by this Order. Nothing in these provisions should be
13   construed as prohibiting a Non-Party from seeking additional protections.

14      (b)   In the event that a Party is required, by a valid discovery
15   request, to produce a Non-Party's confidential information in its possession, and
16   the Party is subject to an agreement with the Non-Party not to produce the Non-
17   Party's confidential information, then the Party shall:

18        1.   promptly notify in writing the Requesting Party and the
19   Non-Party that some or all of the information requested is subject to a
20   confidentiality agreement with a Non- Party;

21        2.   promptly provide the Non-Party with a copy of the
22   Stipulated Protective Order in this litigation, the relevant discovery request(s), and a
23   reasonably specific description of the information requested; and

24        3.   make the information requested available for inspection by
25   the Non-Party.

26      (c)   If the Non-Party fails to object or seek a protective order from
27   this court within 14 days of receiving the notice and accompanying information,
28   the Receiving Party may produce the Non-Party's confidential information

1    responsive to the discovery request. If the Non-Party timely seeks a protective
2    order, the Receiving Party shall not produce any information in its possession or
3    control that is subject to the confidentiality agreement with the Non-Party before
4    a determination by the court.[3] Absent a court order to the contrary, the Non-Party
5    shall bear the burden and expense of seeking protection in this court of its
6    Protected Material.

7    **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
9    Protected Material to any person or in any circumstance not authorized under this
10   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
11   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
12   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
13   persons to whom unauthorized disclosures were made of all the terms of this Order,
14   and (d) request such person or persons to execute the "Acknowledgment and
15   Agreement to Be Bound" that is attached hereto as Exhibit A.

16   **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
17   **        PROTECTED MATERIAL**

18         If information is produced in discovery that is subject to a claim of privilege
19   or of protection as attorney work product, the party making the claim may notify
20   any party that received the information of the claim and the basis for it. After being
21   notified, a party must promptly return or destroy the specified information and any
22   copies it has and may not sequester, use or disclose the information until the claim is
23   resolved. This includes a restriction against presenting the information to the court
24   for a determination of the claim. This provision is not intended to modify whatever
25   procedure may be established in an e-discovery order that provides for production

---

26   [3]  The purpose of this provision is to alert the interested parties to the existence
27   of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity
28   to protect its confidentiality interests in this court.

1  without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e),

2  insofar as the parties reach an agreement on the effect of disclosure of a

3  communication or information covered by the attorney-client privilege or work

4  product protection, the parties may incorporate their agreement in the stipulated

5  protective order submitted to the court.  The party returning such inadvertently

6  produced documents may thereafter challenge any claim of privilege or protection

7  and/or seek re-production of any such documents pursuant to applicable law, but the

8  inadvertent production shall not be deemed a waiver of the privilege or other

9  immunity.

10  **13.    REDACTIONS TO COMPLY WITH SWEDISH LAW**

11          SwedSafe shall be allowed to make any necessary redactions to comply with

12  Swedish data privacy laws that prohibit the disclosure of personal identifying

13  information; provided however, Moldex may seek leave from the Court to compel

14  removal of said redactions for good cause.

15  **14.    MISCELLANEOUS**

16          14.1   Right to Further Relief.  Nothing in this Order abridges the right of any

17  person to seek its modification by the court in the future.

18          14.2   Filing Protected Material. Without written permission from the

19  Designating Party or a court order secured after appropriate notice to all interested

20  persons, a Party may not file in the public record any Protected Material. A Party

21  that seeks to file under seal any Protected Material must comply with Civil Local

22  Rule 79. Protected Material may only be filed under seal pursuant to a court order

23  authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil

24  Local Rule 79, a sealing order will issue only upon a request establishing that the

25  Protected Material at issue is privileged, protectable as a trade secret, or otherwise

26  entitled to protection under the law. If a Receiving Party's request to file Protected

27  Material under seal pursuant to Civil Local Rule 79 is denied by the court, then the

28

1 Receiving Party may file the Protected Material in the public record pursuant to
2 Civil Local Rule 79 unless otherwise instructed by the court.

3 **15.   FINAL DISPOSITION**

4      Within 60 days after the final disposition of this action, as defined in
5 paragraph 4, each Receiving Party must return all Protected Material to the
6 Producing Party or, destroy such material. As used in this subdivision, "all Protected
7 Material" includes all copies, abstracts, compilations, summaries, and any other
8 format reproducing or capturing any of the Protected Material. Whether the
9 Protected Material is returned or destroyed, the Receiving Party must submit a
10 written certification to the Producing Party (and, if not the same person or entity, to
11 the Designating Party) by the 60 day deadline that (1) identifies (by category, where
12 appropriate) all the Protected Material that was returned or destroyed and (2) affirms
13 that the Receiving Party has not retained any copies, abstracts, compilations,
14 summaries or any other format reproducing or capturing any of the Protected
15 Material. Notwithstanding this provision, Counsel are entitled to retain an archival
16 copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
17 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
18 work product, and consultant and expert work product, even if such materials
19 contain Protected Material. Any such archival copies that contain or constitute
20 Protected Material remain subject to this Protective Order as set forth in Section 4
21 (DURATION).

22      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23
24
25
26
27
28

1    DATED: November 27, 2018      QUINN EMANUEL URQUHART &

2                                 SULLIVAN, LLP

3

4                              By */s/ Joseph M. Paunovich*

5                                Joseph M. Paunovich (SBN 228222)

                                joepaunovich@quinnemanuel.com

6                                 Ali Moghaddas (SBN 305654)

                                alimoghaddas@quinnemanuel.com

7                                 QUINN EMANUEL URQUHART &

8                                 SULLIVAN, LLP

                                865 S. Figueroa Street, 10th Floor

9                                 Los Angeles, CA 90017

10                               Telephone: (213) 443-3000

                                Facimile: (213) 443-3100

11

12                               Attorneys for Plaintiff Moldex-Metric, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1 | DATED: November 27, 2018

2

3 | By /s/ Laura L. Myers

4 | Lauren A. Deeb (SBN 234143)
NELSON MULLINS RILEY &

5 | SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900

6 | Torrance, CA 90502
Telephone: (424) 221-7400

7 | Facsimile: (424) 221-7499
E-Mail: lauren.deeb@nelsonmullins.com

8

9 | Laura L. Myers (MN Bar No. 387116),
*admitted pro hac vice*

10 | FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000

11 | Minneapolis, MN 55402-1425
Telephone: (612) 492-7000

12 | Facsimile: (612) 492-7077
E-Mail: lmyers@fredlaw.com

13

14 | Attorneys for Defendant
SwedSafe AB

15

16 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18

19

20 | DATED: Nov. 29 , 2018    By: *Alicia G. Rosenberg*

21 | Honorable Alicia G. Rosenberg
United States Magistrate Judge

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Moldex-Metric, Inc. v. SwedSafe AB*, Case No. CV18-03502-JFW (AGR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
            [Printed Name]

Signature: _____
            [Signature Name]

-18-