IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SWEDSAFE AB, a Swedish company,<br><br>        Defendant. | CASE NO. 2:18-cv-03502-JFW (AGRx)<br><br>**AMENDMENTS TO PROTECTIVE ORDER** |

Having considered the parties' stipulation, and for good cause having been shown, the parties' stipulation is hereby approved.

**IT IS HEREBY ORDERED** the section 15 of the Protective Order is amended to provide as follows:

Subject to the limitations in Section 7.1, Protected Material of the Parties disclosed pursuant to this Protective Order shall be used only for purposes of this litigation, Moldex's actions against McKeon Products, Inc. (*Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case No. 18-cv-06953-DSF-GJS and *Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case. No. CV11-01742-CBM)), and any corresponding appeals. The Parties shall maintain at least one set of documents and testimony produced and/or disclosed in this case, including the corporate deposition testimony of SwedSafe, and any documents or communications referring to or incorporating information from such documents and testimony ("Preserved Material"), regardless of whether such Preserved Material were designated as Protected Material, until final termination of Moldex's actions against McKeon Products, Inc., including any appeals.

Within 60 days after final disposition of Moldex's actions against McKeon Products, Inc., including any appeals, each Receiving Party must return all Protected Material to the Producing Party or, destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protected Order as set forth in Section 4 (DURATION).

**IT IS FURTHER ORDERED** that section 7.1 of the Protective Order is amended to provide as follows:

<u>Basic Principles</u>. A Receiving Party may disclose Protected Material only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. All Protected Material, along with the information contained in the Protected Material, shall be used solely for purposes of this action, and no person receiving such Protected Material shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraphs 7.2 and 7.3; provided, however, Protected Material that explicitly identifies McKeon Products, Inc. as the author, sender, or recipient, or which discusses or concerns any statements made or actions taken by, for, or on behalf of McKeon Products, Inc., as well as any testimony regarding such Protected Material, may be used in Moldex's actions against McKeon Products, Inc. (*Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case No. 18-cv-06953-DSF-GJS and *Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case. No. CV11-01742-CBM), and any corresponding appeals, provided that its confidentiality is maintained in those actions under the same or substantially similar "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" designations (as the case may be).

DATED: February 20, 2019

*[signature]*

Hon. Alicia G. Rosenberg
United States Magistrate Judge